No. 13,624.

JOHNSTON *v.* WANAMAKER DITCH COMPANY.
(38 P. [2d] 907)

Decided November 13, 1934. Rehearing denied December 10, 1934.

Mr. FRED S. CALDWELL, for plaintiff in error.

Mr. J. E. McCALL, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Johnston, his grantor as Williams, defendant in error as the company, and the Wanamaker (Irrigation) Ditch as the ditch.

Johnston, claiming the right to run water through the ditch on payment of $2.50 annually, sued to recover excess charges of $200 and sought an injunction restraining the company from interfering with that right and directing it to deliver his water on payment of the sum named. That he was entitled to delivery was undisputed, and established by the decree. His right to recovery as prayed was denied. The court held that he must pay $1.50 per statutory inch for such delivery (the charge fixed by the county commissioners) and that he was

bound by the rules and regulations of the company regarding the operations of the ditch and the delivery of water, including rotation and sectionizing in times of shortage. To review the judgment entered accordingly he prosecutes this writ and asks that it be made a supersedeas. The assignments go to: (1) The court's refusal to find that he was entitled to recovery of his payments and delivery of his water on payment of $2.50 per year; (2) the court's finding that he must pay $1.50 per inch for delivery; (3) the court's finding that he could get only his proportionate share of the amount appropriated to the ditch and that his water was subject to the regulations of the company concerning delivery. including rotation and sectionizing in times of shortage, the same as other users.

1. On this branch of the case Johnston's action was apparently inspired by our decision in *Wanamaker Co. v. Pettit*, 89 Colo. 344, 3 P. (2d) 295, which he cites and upon which he relies. This is the same company and the same ditch, and Johnston claims by purchase from the same Williams, under the same character of contract as there relied upon. For these details that opinion should be read. Here, however, the similarity ends. The Pettits proved their contract. Johnston offered no evidence on the subject. Hence this finding was correct.

2. Since Johnston is entitled to run his water through the ditch and has no contract concerning compensation therefor, what must he pay? Clearly his pro rata of upkeep. *Wanamaker v. Pettit, supra.* But the record is bare of evidence on the subject save proof of the sum fixed by the county commissioners. We think the court properly accepted that as prima facie proof of Johnston's share.

Johnston contends that the company's allegation that he was liable in the amount fixed by the county commissioners as his pro rata of the upkeep was an affirmative defense which it had the burden of establishing;

that an essential element thereof, under the provisions of sections 6468 and 6469, C. L. 1921, was proof of the proportion of total upkeep expended on the ditch above his point of intake; and that the company neither sustained that burden nor offered any evidence on said proportion. The answer to this position is threefold: First, this allegation of the company is but explanatory of its denial of plaintiff's claim that he was entitled to delivery of his water without charge; second, if proof was necessary it was made, prima facie, by the order of the county commissioners fixing the charge; third, said sections 6468 and 6469 are, by their terms, expressly limited to "co-owners of unincorporated ditches," whereas this is an incorporated ditch and there is no evidence that plaintiff is a co-owner. Furthermore, it should be here observed that this record does not disclose that Johnston ever indicated a reliance upon said section up to the close of the trial below but does show that for some eighteen years he paid without protest the sum fixed by the commissioners.

█ 3. The ditch has a decreed priority of twenty-one cubic feet, which includes the ten statutory inches owned by Johnston and here in question. This he purchased in 1908. The company was incorporated two years later and took over the interests of most of the former owners including Williams. It seems to have issued stock to most of them but apparently Johnston, like the Pettits, refused that tendered him. He claims to be a co-owner of the ditch, but there is no evidence of that fact. All we know is that he owns this ten inches of water and is entitled to have it delivered through the ditch. He has no preferential rights. He can get only his percentage of such proportion of the priority as is available. In times of shortage these water owners may be best served by resorting to rotation and sectionizing. C. L. 1921, §1635. When necessity demands a resort to these expedients they are as applicable to him as to others.

Summing up Johnston's whole case we find it depended entirely upon proof of his alleged contract with Williams. When that failed it all failed.

The judgment is affirmed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE HILLIARD concur.